# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| KEVIN CASTLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-CV-799-W-SSA-DGK |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER AFFIRMING THE ADMINISTRATIVE LAW JUDGE'S DECISION**

This action seeks judicial review of the Commissioner of Social Security's decision denying Plaintiff Kevin Castleman's applications for Social Security benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had multiple severe impairments, but retained the residual functional capacity ("RFC") to perform his past relevant work as a casing-running-machine operator.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

## **Procedural and Factual Background**

A complete summary of the record is presented in the parties' briefs and repeated here only to the extent necessary. Plaintiff filed the pending applications on February 1, 2011, alleging a disability onset date of October 15, 2010 and a date of last insured of September 30, 2013. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denial to an ALJ. On May 17, 2012, the ALJ held a hearing and on July 12, 2012, the ALJ

issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on July 2, 2013, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**Standard of Review**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

2

court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Discussion

The ALJ found that Plaintiff had the RFC to perform light work except there should be no contact with the public; limited contact with coworkers; no coworkers in close proximity; and work tasks which are performed independently. R. at 17. Plaintiff argues that the ALJ erred in formulating this RFC by: (1) failing to properly weigh the opinions of Plaintiff's treating medical professionals; and (2) improperly evaluating Plaintiff's credibility. These arguments lack merit.

### I. Substantial record evidence supports the ALJ's assessment of the medical evidence in formulating Plaintiff's RFC.

Plaintiff first argues that the ALJ erred by fully or partially discounting the opinions of his treating medical professionals. An RFC is "what an individual can still do despite his . . . physical or mental limitations." 20 C.F.R. § 404.1545(a)(1). An RFC is fundamentally a "medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001).

An ALJ must determine a claimant's RFC based on all of the record evidence, including medical records, third-party observations, and the claimant's own descriptions of his limitations. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). The ALJ generally must accord a treating physician's opinion at least substantial weight, 20 C.F.R. §§ 404.1527(c), 416.927(c), but a treating physician's opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004). In determining how much weight to accord a physician's opinion, the ALJ must take into account a variety of considerations such as: whether the opinion is supported with facts and evidence; whether the opinion is consistent with other

3

evidence and opinions; and the length and nature of the treatment relationship. 20 C.F.R. §§ 404.1527(c), 416.927(c); *Renstrom v. Astrue*, 680 F.3d 1057, 1065 (8th Cir. 2012).

Plaintiff argues the ALJ erred by rejecting an opinion of his treating therapist, Kristen King-Spero, L.C.S.W. ("Ms. King-Spero"). Ms. King-Spero opined on a medical source statement that Plaintiff had marked and extreme mental limitations in nearly every area of work-related function. R. at 329–30. The ALJ properly rejected this opinion. R. at 20–21. First, the medical source statement consisted of checkboxes with no narrative responses and so held negligible probative value. *See Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012) ("[A] conclusory checkbox form has little evidentiary value when it cites no medical evidence, and provides little to no elaboration."). Second, the form's responses were based on visits in which Ms. King-Spero recorded only Plaintiff's subjective complaints. *See Vandeboom v. Barnhart*, 421 F.3d 745, 749 (8th Cir. 2005) (upholding the ALJ's decision to disregard a doctor's opinion that was "based largely on [the claimant's] subjective complaints with little objective medical support"). Finally, the opinions expressed through this form were based on only two previous visits. R. at 230–32; *see Randolph v. Barnhart*, 386 F.3d 835, 840 (8th Cir. 2004) (holding that a doctor's opinion stated in a checklist should not have been given controlling weight because the doctor had met with the claimant only three times at the time he completed the form). Accordingly, the ALJ properly disregarded Ms. King-Spero's medical source statement.

Plaintiff argues the ALJ should have accorded weight to a remark by Paul Kim, D.O. ("Dr. Kim"). After a single treatment session with Plaintiff, Dr. Kim completed a psychiatric assessment. R. at 292–301. The ALJ accepted most of Dr. Kim's opinions regarding Plaintiff's social limitation, as they were consistent with the record. R. at 20. However, the ALJ rejected Dr. Kim's statement that Plaintiff "does not appear to be able to sustain a 40 hour work week on

a continuous basis due to his impairment in working with others." R. at 20, 298. The ALJ's rejection of this statement was proper for two reasons. First, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." SSR 96-5p, 1996 WL 374183, at *2 (July 2, 1996). The extent of a claimant's RFC is a conclusion of law reserved to the Commissioner. *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) (citing 20 C.F.R. § 404.1527(e)(2)). Because Dr. Kim opined on what work Plaintiff could perform with his impairments—essentially, his RFC—the ALJ rightly rejected that portion of Dr. Kim's opinion. Second, Dr. Kim's opinion deserved little weight because he examined Plaintiff only once. *See Randolph*, 386 F.3d at 840. Substantial record evidence supports the ALJ's rejection of this statement.

Next, Plaintiff argues that the ALJ failed to discuss every limitation assessed by Cameron Smith, D.O. ("Dr. Smith"). In a medical source statement, Dr. Smith opined that Plaintiff could frequently tolerate activities including climbing, balancing, stooping, kneeling, crouching, crawling, achieving unprotected heights, moving mechanical parts, and operating motor vehicles. R. at 313–14. Based in part on this statement, the ALJ determined that Plaintiff's RFC permitted him to engage in light work, meaning he could stand or walk for six hours of an eight-hour workday, and could frequently lift and carry. R. at 17; *see* SSR 83-10, 1983 WL 31251, at *5–6 (Jan. 1, 1983) (defining light work). The ALJ did not explicitly reference all of the limitations remarked upon by Dr. Smith.

The ALJ committed no error because the exertional category of light is fully consistent with the limitations found by Dr. Smith. Thus, the ALJ was not required to explicitly tie Dr. Smith's cursory findings to every aspect of the RFC because his assignment of light work accounts for these assessed limitations. *See Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir.

5

2003) ("[The ALJ] made explicit findings and, although we would have preferred that he had made specific findings as to sitting, standing, and walking, we do not believe that he overlooked those functions."). The Court finds that the ALJ implicitly regarded these limitations and properly found they did not exceed the category of light work.

Lastly, Plaintiff argues that without the opinions of Ms. King-Spero and Dr. Kim the record is insufficiently developed regarding Plaintiff's RFC. However, the ALJ did consider medical evidence: opinions by Martin Isenberg, Ph.D. and Dr. Smith. R. at 21. This is sufficient. *See Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012) (requiring "at least some medical evidence" to support an RFC determination). On the whole, substantial record evidence supports the ALJ's treatment of all of these medical professionals' opinions.

## II.     The ALJ properly assessed Plaintiff's credibility.

Plaintiff next argues that the ALJ rejected Plaintiff's testimony without sufficiently analyzing his credibility. Specifically, Plaintiff argues that the ALJ failed to fully consider the extent of Plaintiff's claimed impairments.

The ALJ must examine the claimant's credibility to properly formulate his RFC. *Ellis*, 392 F.3d at 995–96. The ALJ must base his credibility findings on the entire record including: medical records; statements by the plaintiff and third parties; the plaintiff's daily activities; the duration, frequency, and intensity of pain; the dosage, effectiveness, and side effects of medications; precipitating and aggravating factors; and functional restrictions. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 96-7p, 1996 WL 374186, at *3 (July 2, 1996). The ALJ must make express credibility determinations, but is not required to discuss each credibility factor. *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010). The court must defer to the

ALJ's credibility findings "so long as they are supported by good reasons and substantial evidence." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005).

Here, the ALJ cited the pertinent credibility factors and articulated at least four well-supported reasons for discounting Plaintiff's credibility. R. at 17–20 (citing 20 C.F.R. §§ 404.1529, 416.929; SSR 96-7p, 1996 WL 374186). First, Plaintiff's reported symptoms were inconsistent with his own reports of daily activities. Plaintiff reported that he experienced constant pain, spent much of his time lying around, and had difficulty getting along with others. R. at 32, 36, 37–38, 133. Yet, Plaintiff testified that he went out in public several times per day, used public transportation, visited friends, and spent time "riding around" with his neighbor. R. at 20, 35, 41, 129–30. He managed his own finances, could follow written and spoken instructions, and finished things he started. R. at 129, 131. These admissions undermine Plaintiff's subjective complaints of pain. *See Dunahoo v. Apfel*, 241 F.3d 1033, 1038–39 (8th Cir. 2001) (holding that where the claimant reported "getting up, eating, reading, cleaning the house, making the bed and doing dishes with the help of her husband, making meals, visiting with friends, and occasionally shopping and running errands," the ALJ could discount the severity of her subjective complaints). While Plaintiff reported some limitations on these daily activities, *see, e.g.*, R. at 127 (reporting feeling weak while caring for pets), the ALJ could partially discredit Plaintiff's complaints for engaging in these activities at all. *See Guilliams*, 393 F.3d at 801.

Second, Plaintiff delayed seeking treatment for his hepatitis C and for his anxiety, suggesting his condition is not as severe as alleged. R. at 18, 168, 307; *see Singh v. Apfel*, 222 F.3d 448, 453 (8th Cir. 2000) ("A claimant's allegations of disabling pain may be discredited by evidence that the claimant has received minimal medical treatment and/or has taken only

occasional pain medications."). Third, Plaintiff claims back pain but admitted in April 2012 that he experienced no back pain, evincing an improvement in symptoms undercutting his testimony. R. at 18, 333; *see Johnson v. Astrue*, 628 F.3d 991, 995–96 (8th Cir. 2011) (holding that the ALJ was justified in discounting the claimant's subjective complaints of disabling pain and fatigue where his treating physicians had reported that he was "doing well"). Fourth, Plaintiff took his medication sporadically, suggesting that he found treatment unnecessary. R. at 18, 230; *see Guilliams*, 393 F.3d at 802 ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility.").

"It [is] the ALJ's task to resolve conflicts in the evidence." *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006). The ALJ has done so, and given the substantial record evidence, the Court cannot say the ALJ erred in discounting Plaintiff's subjective complaints.

## Conclusion

Because substantial evidence on the record as a whole supports the ALJ's opinion, the Commissioner's decision denying benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  July 18, 2014    /s/ Greg Kays
                                                           GREG KAYS, CHIEF JUDGE
                                                           UNITED STATES DISTRICT COURT